**Estella PRADE and James Jackson, Plaintiffs,**

**v.**

**JACKSON & KELLY, Attorneys at Law, Defendant.**

**Civil Action No. 3:94cv18.**

United States District Court, N.D. West Virginia, Martinsburg Division.

Oct. 16, 1996.

Estella Prade, Charles Town, WV, pro se.

James JACKSON, Martinsburg, WV, pro se.

Thomas R. Goodwin, Richard D. Owen, Goodwin & Goodwin, Charleston, WV, for defendant.

### ORDER

MAXWELL, District Judge.

Pending before the Court is defendant's Motion for Summary Judgment, filed April 28, 1995. Plaintiffs filed a response in opposition to defendant's motion on May 17, 1995. On May 30, 1995, defendant filed a reply memorandum and on May 31, 1995, plaintiffs filed a response to the reply.

On June 13, 1994, the complaint in this civil action was filed after the Court permitted Plaintiffs to proceed in forma pauperis.[1] On July 12, 1994, an Amended Complaint was filed and process was issued. On September 20, 1994, defendant filed its Answer and a demand for dismissal of the amended complaint. On January 9, 1995, plaintiffs filed a Motion to Amend Pleadings. On February 21, 1995, defendant filed a Motion to Dismiss and Strike Plaintiffs' Revised Amendments to Pleadings.

These nondispositive motions were referred to Magistrate Judge John W. Fisher, II, and by Order filed March 6, 1995, the Magistrate Judge granted plaintiffs motion to file a Second Amended Complaint. On March 13, 1995, plaintiffs filed their Second Amended Complaint. On March 16, 1995, defendant filed its Answer.

Plaintiffs again filed a Motion to amend the pleadings and a motion to extend discovery, which motions the defendant opposed. In his report entered April 7, 1995, the Magistrate Judge denied plaintiffs' motion to extend discovery. In his report entered April 18, 1995, the Magistrate Judge addressed plaintiffs motion to amend pleadings. The Magistrate Judge concluded that given the extensive filings with the Court which had already occurred in this case, it could be determined that there has been no violation of plaintiffs' Fourteenth Amendment Rights as the Fourteenth Amendment applies to State action and the conduct of defendants does not constitute state action. Moreover, the Magistrate Judge found that to the extent the basis of any new allegations involve ethical consideration, the appropriate forum for those issues is the West Virginia State Bar Committee on Legal Ethics and plaintiffs had already filed a complaint with that committee.[2] Accordingly, the Magistrate Judge found that plaintiffs motion to amend the pleadings should be denied.

On April 21, 1995, plaintiffs filed an Objection to the Magistrate Judge's report. Upon examination of the plaintiffs' objections, it appears to the Court that no issues have been raised that were not thoroughly consid-

---

1. Although the Court permitted both plaintiffs to proceed in forma pauperis, the Court has subsequently learned from pleadings filed by plaintiff James Jackson in another civil action that plaintiff Estella Prade may in fact have assets which exceed the standard upon which the Court determines poverty. Specifically, on page 20 of James Jackson's complaint against the State of West Virginia, et al., Civil Action No. 3:96cv61, Jackson states that "as of this date, my mother, Ms. Estella Prade, is in possession of approximately $400,000.00 in real transferable assets ..." In determining whether a plaintiff should be entitled to proceed to final resolution of a case without prepayment of costs, the court is not bound by plaintiff's economic status on the date of filing, and if an allegation of poverty is no longer true because of a subsequent improvement in the economic status of a plaintiff, it is within the authority of the court to dismiss the proceeding or to require that the costs of the litigation to date be paid by plaintiff in lieu of dismissal. See Carter v. Telectron, Inc., D.C.Tex. 1976, 452 F.Supp. 939; Murphy v. Jones, E.D.Mo.1992, 801 F.Supp. 283. Upon consideration of the record in this matter, the Court will take under advisement whether Ms. Prade's in forma pauperis status should be revoked and she should be made to pay the costs of this litigation.

2. On April 8, 1995, the Investigative Panel of the Lawyer Disciplinary Board found that Prade's allegation that Christopher Robertson, the Jackson and Kelly lawyer who represented Sears, harassed her and her son in violation of Rule 4.4 of the Rules of Professional conduct was without merit. The Board also found that Prade has failed to provide any evidence to establish that Robertson railroaded a Default Judgment Motion through the Circuit county. Accordingly, no violation of the Rules of Professional Conduct was found and the Board ordered that the complaint should be closed.

ered by Magistrate Judge Fisher in his Proposed Findings of Fact and Recommendations for Disposition. Moreover, the Court, upon an independent *de novo* consideration of all matters now before it, is of the opinion that the both the report filed April 12, 1995, and the report filed April 19, 1995, accurately reflect the law applicable to the facts and circumstances before the Court in this action. Accordingly, it is

ORDERED that Magistrate Judge Fisher's Proposed Findings of Fact and Recommendations for Disposition shall be, and are hereby, accepted without exception or reservation and plaintiffs' motion to extend discovery and plaintiffs' motion to amend the pleadings shall be disposed of in accordance with the recommendation of said Magistrate Judge. Accordingly, it is

ORDERED that Plaintiffs' Motion to Extend Discovery is DENIED and Plaintiffs' Motion to Amend the Pleadings is DENIED.

The facts leading up to the plaintiffs filing of this civil action are as follows. In February 1988, Plaintiff Prade executed and delivered to Sears Consumer Financial Corporation a motor vehicle contract and security agreement concerning a 1988 Winnebago motor home. Subsequently, she defaulted on her payments under the security agreement. When Sears, through its legal representative, Jackson and Kelly, sought to obtain possession of the Winnebago, it learned that the vehicle was located at 270 Berkeley Station Road, Martinsburg, WV.

On February 24, 1993, a Notice and Verified Complaint was filed in Berkeley County Circuit Court against Plaintiffs Prade and Jackson in the case of *Sears Consumer Financial Corp. v. Estella Prade and James Jackson*, 93–C–176. (Mr. Jackson is the son of Estella Prade). A private process server, retained by Jackson and Kelly attempted to serve Prade on numerous occasions at the Berkeley Station Road address. According to the process server, he was advised that Prade received her mail at that address, the telephone company listed service for Prade at that address, and neighbors said Prade resided there. After several unsuccessful attempts to serve Prade at the Berkeley Station Road address, the private process server attempted service at Prade's place of employment, where she refused service. On March 26, 1993, Jackson and Kelly effected service through the Clerk of the Circuit Court.

On April 15, 1993, Prade, through counsel, sought an additional thirty days to answer the complaint.

On May 19, 1993, after Prade failed to answer the complaint, a motion for default judgment was filed. Prade, again by counsel, filed a memorandum in opposition. On May 25, 1993, the Circuit Court of Berkeley County granted the motion for default judgment. On June 23, 1993, Prade, by counsel, filed a Motion to Rescind Order, which the Circuit Court denied on August 3, 1993. The Circuit Court found that Prade had been properly served and that no answer or responsive motion had been filed within the time permitted. Prade did not appeal the Circuit Court's decision.[3]

In the pending civil action before this Court, plaintiffs allege in their Second Amended Complaint, filed March 13, 1995,[4] among other things, that defendant, by its allegedly improper service of plaintiff and its manner in seeking and obtaining a default judgment in the Circuit Court of Berkeley County, violated the Fair Debt Collection Practices Act, 15 U.S.C. section 1692, whereby plaintiffs seek damages in excess of one million dollars. In liberally construing the complaint, as the Court must do when addressing a pro se complaint, it also appears that plaintiffs allege a claim for invasion of privacy and seek to recover damages for losses to business, interference with business opportunities, damage to business reputation,

3. At some point, apparently after the complaint was filed in Berkeley County Court but before the Clerk served the Summons and Complaint, Ms. Prade relinquished possession of the motor home to Sears. Sears re-sold the same at an auction leaving a deficiency of $14,692.96.

4. On April 5, 1995, Magistrate Judge Fisher filed his report recommending that previous amendments to the complaint be deemed to merge with and be superseded by the filing of March 13, 1995. No objections were filed to the Magistrate Judge's report and the same is hereby adopted by the Court.

injury to the name of Plaintiff Prade, injury to the emotional health of both plaintiffs, and injury to the well-being of their family. Plaintiffs also request that the Court indict defendant for perjury.

In it's Motion for Summary Judgment, filed April 28, 1995, defendant argues that summary disposition of this case is appropriate for the following nonexhaustive list of reasons. First, the Fair Debt Collection Practices Act provides that an action to enforce any liability created by the subchapter may be brought in any appropriate United States District Court without regard to the amount in controversy *within one year from the date on which the violation occurs.* 15 U.S.C. § 1692k(d) (emphasis added). Defendant asserts that the alleged violation of the Act occurred, if at all, when Jackson and Kelly filed the state court action on February 23, 1993. Since this was more than one year before Prade filed the present action, any claim under the Fair Debt Collection Practices Act is barred by the statute of limitations.

Second, defendant argues that the misrepresentation and unfair practices claim are further barred by the doctrine of collateral estoppel. Prade, through counsel, raised the issue of alleged misrepresentations in the state court action and the Circuit Court expressly rejected those claims finding that the default judgment was not based upon false information, allegation or misrepresentation. Defendant argues that since Prade has already had a full opportunity to litigate her claim, the current action is barred by the doctrine of collateral estoppel.

Third, defendant argues that plaintiffs' state law cause of action for invasion of privacy must be dismissed for lack of jurisdiction.

Defendant seeks summary dismissal of plaintiffs' requests for monetary damages under the Fair Debt Collection Practices Act as the same are speculative and unwarranted. Defendants also argue that the remainder of plaintiffs' requests for relief are similarly unwarranted and beyond the jurisdiction of this Court. Specifically, the plaintiffs ask this Court to indict Jackson and Kelly under state law, reverse a state court judgment, and award compensatory damages in excess of $45 million. Defendant argues that this Court does not have authority to issue indictments under state law or to reverse a state court judgment involving a third party. Furthermore, the Fair Debt Collection Practices Act only provides for compensatory damages which are limited to a maximum of $1,000 for general damages and any actual damages that may be proven.

On November 21, 1995 a hearing was held on defendant's motion for summary judgment.

From the text of Rule 56 of the Federal Rules of Civil Procedure, it is clear that a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Motions for summary judgment impose a difficult standard on the movant; for, it must be obvious that no rational trier of fact could find for the nonmoving party. *Miller v. FDIC,* 906 F.2d 972, 974 (4th Cir.1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). To withstand such a motion, the nonmoving party must offer evidence from which "a fair-minded jury could return a verdict for the [party]." *Id.* "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Felty v. Graves–Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir.1987). Such evidence must consist of facts which are material, meaning that the facts might affect the outcome of the suit under applicable law, as well as genuine, meaning that they create fair doubt rather than encourage mere speculation. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 364 (4th Cir.1985).

Upon reviewing all matters of record, the Court is of the opinion that there does not exist a genuine issue as to any material fact

and the Court can rule as a matter of law in this matter.

■ The Fair Debt Collection Practices Act provides that "an action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Although . section 1692k(d) does not specifically define the date on which the violation occurs, there are arguably two possibilities. The violation could have occurred, if at all, on the date the complaint was filed in state court; or, more likely, the violation could have occurred, if at all, on the date the plaintiffs received the notice of the complaint which supposedly violated the Act.[5] Here, whichever date the violation is deemed to have occurred—February 23, 1993, when the state court complaint was filed or April 15, 1993, the day service was effected upon Ms. Prade—plaintiffs' action was untimely filed. In other words, to be within the statute of limitations, the plaintiffs must have filed their federal cause of action under the Act on or before April 15, 1994. Since the Court did not receive the plaintiffs' petition to proceed in forma pauperis until May 23, 1994, their claim under the Act is barred by the statute of limitations.[6] Thus, plaintiffs' action for alleged violations of the Act are time barred by § 1692k(d).

■ Plaintiffs claims for misrepresentation and unfair practices claim are further barred by the doctrine of collateral estoppel as these issues were already raised and rejected in the state court proceedings. See Defendant's Exhibit 1Q, Order of August 3, 1993.

■ The doctrine of collateral estoppel provides that an issue directly determined as a ground of recovery by a court cannot be disputed in a subsequent action. Plaintiff Prade raised the issue of alleged misrepresentation, in nearly the same form, in the action before the Berkeley County Circuit Court. The Circuit Court found that the default judgment was not "based upon false information, allegation or misrepresentation." Plaintiff was afforded a full and ample opportunity to litigate the issue of alleged misrepresentation and the Court finds that she is barred from raising it again in this Court.

■ As to plaintiffs' allegations that Mr. Robertson made misrepresentations before the Circuit Court of Berkeley County constitute violations of the West Virginia Rules of Professional Conduct, such alleged conduct is subject to the exclusive jurisdiction of the West Virginia Supreme Court of Appeals and the West Virginia State Bar. *Legal Ethics v. Keenan,* 189 W.Va. 37, 427 S.E.2d 471 (1993).

For the above stated reasons, it is

ORDERED that defendant's Motion for Summary Judgment shall be, and the same is hereby, GRANTED. It is further

ORDERED that the remaining counts, or allegations, of the Complaint, Amended Complaint, and Second Amended Complaint shall be, and the same are hereby, DISMISSED as frivolous in that they lack an arguable basis for relief either in law or in fact. It is further

ORDERED that this civil action shall be DISMISSED, in its entirety, and ENDED from the active docket of the Court.

The Clerk of Court shall send certified copies of this Order to all counsel of record and to the plaintiffs, proceeding pro se.

---

5. Ms. Prade, through her counsel in the state court proceedings, Earl Delarue, acknowledged being . served with a copy of the Verified Complaint on April 15, 1993. Although plaintiffs urge the Court to find that they were not aware of a violation of the Act until default judgment was entered, the Court finds otherwise. Plaintiffs claim that they did not defend the suit in Berkeley Count Circuit Court because Jackson and Kelly was wrong to file suit in West Virginia. From their reasoning why they failed to properly defend suit in Berkeley County, the Court must presume that the plaintiffs were aware of a potential violation when they first became aware of the state court action. The Court finds that the operative date to be April 15, 1993, the day service was effected upon Ms. Prade.

6. Complaints filed by persons proceeding in forma pauperis are deemed filed when the Court receives the application to proceed in forma pauperis.

Plaintiffs are instructed that they may appeal to the United States Court of Appeals for the Fourth Circuit by filing notice of the same with the Clerk of this Court within thirty (30) days from the entry of this Order.