Richard E. NAAS; Janet Naas,
Plaintiffs–Appellants,

v.

Marc D. STOLMAN; David Adrian; National Business Factors Inc., a corporation, Defendants–Appellees.

No. 96–16789.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 9, 1997.

Decided Dec. 9, 1997.

Maxim N. Bach, Oroville, California, for plaintiffs-appellants.

Mark E. Ellis and Gregory W. McCracken, Murphy, Pearson, Bradley & Feeney, Sacramento, California, for defendants-appellees Marc D. Stolman and National Business Factors.

Charles A. Tweedy, Parshall & Tweedy, Gold River, California, for defendant-appellee David L. Adrian.

Before: HUG, Chief Judge, WALLACE and HALL, Circuit Judges.

WALLACE, Circuit Judge:

Richard and Janet Naas sued National Business Factors, Inc. and its attorneys, Adrian and Stolman, (collectively NBF) for violations of the Fair Debt Collection Practices Act (Act), 15 U.S.C. §§ 1692a–1692o, and for intentional infliction of emotional distress. The district court exercised jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367, and dismissed the Naases' complaint without leave to amend, and dismissed the action. The Naases timely appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm and hold that the Naases' action is barred by the statute of limitations.

·This action arises from a state court debt collection suit brought against the Naases by NBF. NBF filed suit in California Municipal Court on March 10, 1993, to recover $625.16 for unpaid hospital bills. NBF obtained a judgment which the Appellate Department of the California Superior Court affirmed on January 12, 1996. The Naases filed their action in federal district court on July 11,

1995, alleging that NBF"s collection suit violated the Act and caused intentional infliction of emotional distress. The district court entered a stay, pending resolution of the state court case, and subsequently dismissed the action.

■■■ We must determine whether the district court's review was barred by the statute of limitations. We review rulings on statutes of limitations de novo. *Torres v. City of Santa Ana*, 108 F.3d 224, 226 (9th Cir.1997). 15 U.S.C. § 1692k(d) states that actions to enforce liability for violations of the Act may be brought "within one year from the date on which the violation occurs."

We have never determined at which point the statute of limitations begins to run when the alleged violation of the Act is the filing of a lawsuit. Similarly, other circuit courts have apparently not been called upon to answer the question. It has, however, been ruled on by two district courts. *Prade v. Jackson & Kelly*, 941 F.Supp. 596, 599–600 (N.D.W.Va.1996); *Blakemore v. Pekay*, 895 F.Supp. 972, 982–83 (N.D.Ill.1995). In *Prade*, the court held that the violation occurred and the statute of limitations started to run on either the day the complaint was filed or the day it was served, but deciding between the two alternatives was unnecessary in that case. *Prade*, 941 F.Supp. at 600. *Blakemore* is more precise, holding that the statute of limitations began to run from the day garnishment proceedings were initiated. *Blakemore*, 895 F.Supp. at 982–83.

The Naases argue unpersuasively that the statute of limitations should run from the day of decision by the Appellate Department of the Superior Court. The alleged violation of the Act was not a reviewing court judgment, but the bringing of the suit itself. If the Naases were correct and the violation did not occur until the Appellate Department judgment, then their federal action would have been premature, as it was brought six months before that judgment. We hold that the statute of limitations began to run on the filing of the complaint in the Municipal Court.

This result is consistent with other circuit courts' interpretations of the Act in which they have held in the analogous nonfiling situation that the Act's statute of limitations begins to run when a harassing collection letter is mailed. *Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir.1995); *Mattson v. U.S. West Communications*, 967 F.2d 259, 261 (8th Cir.1992). These courts reasoned that the purpose of the Act is to regulate the actions of debt collectors; because the mailing date was the debt collector's "last opportunity to comply with the [Act], ... the mailing of the letters, therefore, triggered section 1692k(d)." *Mattson*, 967 F.2d at 261; *see Maloy*, 64 F.3d at 608. In addition, "the date of mailing is a date which may be 'fixed by objective and visible standards,' one which is easy to determine, ascertainable by both parties, and may be easily applied." *Mattson*, 967 F.2d at 261; *see Maloy*, 64 F.3d at 608.

These considerations apply equally to this case. Filing a complaint is the debt collector's last opportunity to comply with the Act, and the filing date is easily ascertainable.

■■■ We also affirm the district court's ruling that the state intentional infliction of emotional distress claim is also barred by the one-year statute of limitations. *See* Cal.Civ. Proc.Code § 340(3); *Cantu v. Resolution Trust Corp.*, 4 Cal.App.4th 857, 889, 6 Cal. Rptr.2d 151 (1992). In addition, the district court did not abuse its discretion in denying leave to amend, as the Naases' potential amended claim would still be barred by the statute of limitations.

AFFIRMED.