Annette M. SCHAFFHAUSER; Steve E. Schaffhauser, Jr., Appellants

v.

CITIBANK (SOUTH DAKOTA) N.A.; Burton Neil & Associates, P.C.; Burton Neil, Esquire; Edward J. O'Brien, Esquire; Jay H. Pressman, Esquire; Yale D. Weinstein, Esquire.

No. 08–2275.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Aug. 4, 2009.

Opinion filed: Aug. 6, 2009.

Annette M. Schaffhauser, Halifax, PA, pro se.

Steve E. Schaffhauser, Jr., Halifax, PA, pro se.

Kimberly A. Boyer–Cohen, Esq., Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, PA, Sharon M. O'Donnell, Esq., Marshall, Dennehey, Warner, Coleman & Goggin, Harrisburg, PA, for Burton Neil & Associates, P.C., Burton Neil, Esquire, Edward J. O'Brien, Esquire, Jay H. Pressman, Esquire, Yale D. Weinstein, Esquire.

Joan P. Depfer, Esq., Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, PA, for Citibank (South Dakota) N.A.

Before: MCKEE, HARDIMAN and COWEN, Circuit Judges.

## OPINION

PER CURIAM.

Appellants Annette and Steve Schaffhauser (the "Schaffhausers") appeal *pro se* from a July 1, 2008, judgment entered against them by the United States District Court for the Middle District of Pennsylvania. For the following reasons, we will affirm the District Court's judgment.

### I. Background

In October 2005, Annette and Steve Schaffhauser separately filed complaints in the District Court against credit card issuer Citibank (South Dakota), N.A. ("Citibank") and debt collection attorneys Burton Neil, Edward O'Brien, Jay Pressman, and Yale Weinstein, and their law firm, Burton Neil & Associates, P.C. (collectively, the "Neil defendants"). The District Court consolidated the actions and the Schaffhausers, through counsel, filed an amended complaint. In it, the Schaffhausers raised claims of abusive, deceptive, and unfair debt collection practices, as prohibited by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and by various Pennsylvania statutes.[1]

The Schaffhausers' claims all relate to state court debt collection actions that Citibank, through its counsel, the Neil defendants, initiated in 2001 in the Court of Common Pleas of Dauphin County, Pennsylvania. In those actions, Citibank sought to collect on delinquent credit card debts and associated fees and penalties. The Schaffhausers claim that Citibank and the Neil defendants initiated and pursued the debt collection actions in a deceptive and abusive manner and without legitimate cause.[2] In addition, they contend that at least in the action against Steve Schaffhauser, Citibank and the Neil defendants fabricated documents to support their claims. Ultimately, the Court of Common Pleas granted summary judgment in favor of Citibank against Steve Schaffhauser in

---

**1.** In addition, although not listed as separate counts, the Schaffhausers made vague reference to the Racketeer influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961–1968, common law fraud, conspiracy, and tort law.

**2.** The Schaffhausers do not directly dispute the existence or amount of the underlying credit card debts. Rather, they contend that the debts, "if [they do] exist," are " 'time barred' and the Statute of Limitations has expired." *See* Docket No. 69, Amended Complaint, at ¶¶ 45, 80.

June 2007, and against Annette Schaffhauser in October 2007.[3]

In the District Court, Citibank moved to dismiss the Schaffhausers' claims, primarily arguing that, because Citibank is a creditor and not a debt collector, Citibank is not subject to the FDCPA.[4] The District Court granted Citibank's motion and dismissed the FDCPA claims with prejudice, and the remaining claims without prejudice. Citibank also sought sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure because the Schaffhausers did not withdraw the FDCPA claims after being notified that the FDCPA does not apply to creditors. The District Court awarded Citibank sanctions.

The Neil defendants moved for summary judgment. On March 27, 2008, 2008 WL 857523, the District Court granted the motion as to the FDCPA claims, concluding that they were barred by the statute of limitations. The District Court dismissed the remaining state law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3).[5] On July 1, 2008, the District Court entered judgment in favor of the Neil defendants on the FDCPA claims and closed the case.

Through counsel, the Schaffhausers filed a timely appeal. See Fed. R.App. P. 4(a)(2). Their counsel has since withdrawn and the Schaffhausers are now proceeding *pro se.* We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291.

## II. *Analysis*

On appeal, the Schaffhausers raise one argument: that the District Court erred by granting the Neil defendants' motion for summary judgment on the ground that the FDCPA's one-year statute of limitations barred the Schaffhausers' FDCPA claims. We exercise plenary review over the District Court's order. See *Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, 87 (3d Cir.2000).

An action under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Where FDCPA claims are premised upon allegations of improper pursuit of debt collection litigation,[6] courts are split as to when the FDCPA's one-year statute of limitations begins to run: some

3. After more than two years of inactivity, in November 2004, the Court of Common Pleas notified the parties that it would terminate the debt collection actions unless the parties indicated an intention to proceed. The Neil defendants informed the Court of Common Pleas that Citibank intended to proceed, thereby prompting a flurry of litigation activity, including the exchange of discovery requests and the submission of pre-trial motions.

4. Under the FDCPA, a "debt collector" is broadly defined as one who attempts to collect debts "owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A "creditor" is one who "offers or extends to offer credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4). "The FDCPA's provisions generally apply only to debt collectors." *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir.2000).

"Creditors—as opposed to debt collectors—generally are not subject to the FDCPA." *Id.*

5. The District Court also awarded summary judgment to the Neil defendants to the extent the Schaffhausers were raising a RICO claim, because such a claim lacked evidentiary support. On appeal, the Schaffhausers raise no arguments concerning a RICO claim. We therefore need not address the issue because it is waived. See *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir.1993).

6. Attorneys who engage in debt collection litigation activities must comply with the FDCPA. See *Heintz v. Jenkins*, 514 U.S. 291, 292, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995). The Schaffhausers do not identify any allegedly improper activity by the Neil defendants apart from the Neil defendants' participation in the state court debt collection actions.

have held that such claims accrue upon filing the underlying collection action, *see Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir.1997), while others use the date on which the purported debtor was served with the complaint. *See Johnson v. Riddle*, 305 F.3d 1107, 1113 (10th Cir.2002). In this case, we need not address whether the limitations period began to run upon filing or upon service, because, under either approach, the statute of limitations began to run in 2001. The Schaffhausers' FDCPA claims, filed in 2005, are clearly untimely.

Implicitly acknowledging the statute of limitations problem, the Schaffhausers argue that the actions taken by the Neil defendants "constitute a continuing violation," bringing their otherwise time-barred claims within FDCPA's one-year statute of limitations. However, the Schaffhausers offer no support for their contention that participation in ongoing debt collection litigation qualifies as a "continuing violation" of the FDCPA, and we are aware of none. Indeed, the only circuit court decision addressing this issue has concluded precisely the opposite. *Naas*, 130 F.3d at 893. Generally, our decisions have limited the continuing violation doctrine to the employment discrimination context. *See, e.g., O'Connor v. City of Newark*, 440 F.3d 125, 127–28 (3d Cir.2006). We decline to extend the doctrine to the circumstances of this case.[7]

### III. *Conclusion*

The Schaffhausers' FDCPA claims against the Neil defendants are premised upon state court debt collection actions initiated in 2001. The Schaffhausers waited to bring their FDCPA claims until 2005. As a result, the claims are barred by the FDCPA's one-year statute of limitations. *See* 15 U.S.C. § 1692k(d). We therefore will affirm the District Court's judgment.

---

[7]. In addition, it appears from the record that the Schaffhausers retained counsel at some point during the state court collection actions. To the extent the Schaffhausers complain that the Neil defendants improperly communicated with their attorneys, there is a serious question whether communications between attorneys are subject to the FDCPA. *See Kro-pelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (stating in dicta that communications with a debtor's attorney are not actionable under the FDCPA); *see also, Richmond v. Higgins*, 435 F.3d 825, 828 n. 4 (8th Cir.2006) (discussing holdings of district courts indicating that the FDCPA does not apply to communications with debtors' attorneys).