John C. **ARCHER** and Delynn M. Archer, **Plaintiffs,**

v.

**ALDRIDGE CONNORS, LLP, Defendant.**

**Case No. 13–81340–CIV.**

United States District Court, S.D. Florida.

Feb. 26, 2014.

---

regards as true for the purposes of the Motion to Dismiss:

Plaintiffs are natural persons, and are "consumers" as that term is defined by 15 U.S.C. § 1692(a)(3), and/or a person with standing to bring a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") by virtue of being directly affected by violations of the Act. *See* [DE 1] at ¶ 11. Defendant is a Professional Association, incorporated under the laws of the State of Florida, with its principal place of business in Georgia. ¶ 5. Defendant is a debt collector who regularly collects or attempts to collect debts for other parties and regularly uses the mail and telephone in the collection of consumer debt. ¶¶ 6–7. At all times material to the allegations of this Complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiffs' alleged debt. ¶ 10. On or about December 28, 2012, Defendant caused to be served upon Plaintiff a state court complaint and summons in the mortgage foreclosure action. *See* [DE 1] at ¶¶ 23, 39. On the civil cover sheet filed with the complaint, an attorney for Defendant checked off the box indicating that Defendant was seeking monetary relief. ¶ 25. In the "Wherefore" clause of the Complaint, Defendant stated:

> Plaintiff requests that the Court ascertain the amount due Plaintiff for principal and interest on the Note and Mortgage and for late charges, abstracting, taxes, expenses, and costs, including attorney's fees, plus interest thereon; that if the sums due Plaintiff under the Note and Mortgage are not paid immediately, the Court foreclose the Mortgage and the Clerk of the Court sell the Property securing the indebtedness to satisfy Plaintiff's mortgage lien in accordance with the provisions of Florida Statutes § 45.031 (2006) . . .

Yechezkel Rodal, Loan Lawyers, LLC, Plantation, FL, for Plaintiffs.

Steven Charles Rubino, Aldridge Connors, LLP, Boca Raton, FL, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

WILLIAM P. DIMITROULEAS, District Judge.

THIS CAUSE is before the Court upon Defendant Aldridge Connors' ("Defendant" or "Aldridge Connors")'s Motion to Dismiss Plaintiff's Complaint [DE 6]. The Court has carefully considered the Motion, Plaintiffs John C. Archer and Delynn M. Archer ("Plaintiffs")'s Response [DE 11], Defendant's Reply [DE 13], and is otherwise fully advised in the premises.

## I. BACKGROUND

This action arises from a state court mortgage foreclosure action. The following facts are according to Plaintiffs' Complaint, the allegations of which the Court

¶ 26; *see* [DE 1–1]. Attached to the state court complaint was a "Notice" titled as follows:

**Notice Required by Fair Debt Collection Practices Act, 15 U.S.C. § 1692(G) Et Seq., as Amended**

¶ 28; *see* [DE 1–2]. The Notice states in relevant part:

1. The amount of the debt is stated in the attached complaint.

2. The Plaintiff named in the attached summons and complaint is the creditor to whom the debt is owed.

3. If the original creditor is different from the current creditor, the creditor's law firm will provide the debtor with the name and address of the original creditor if requested by the debtor within thirty (30) days of the receipt of this notice.

4. The debt described in the attached complaint and evidenced by the attached promissory note and Mortgage will be assumed to be valid by the creditor's law firm, *unless the debtor, within thirty (30) days after the receipt of this notice, disputes, in writing, the validity of the debt or some portion of it.*

*See* [DE 1] at ¶ 14.

Plaintiff filed the instant action on December 30, 2013, alleging that Defendant's Notice (the "Notice") violated the FDCPA. Specifically, Plaintiff claims a violation of 15 U.S.C. § 1692e(10), which prohibits debt collectors from using false, deceptive, and misleading representations in an attempt to collect a debt.

## II. DISCUSSION

### 1. Motion to Dismiss Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss will be granted if the plaintiff fails to state a claim for which relief can be granted. According to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a claimant must only state "a short and plain statement of the claim showing that the pleader is entitled to relief." When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all factual allegations in the complaint. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 664, 129 S.Ct. 1937.

### 2. Motion to Dismiss

The FDCPA has a one-year statute of limitations. *See* 15 U.S.C. § 1692k(d). Defendant argues in the instant Motion to Dismiss that the Complaint should be dismissed on statute of limitations grounds because Plaintiffs filed this action on December 30, 2013, more than a year from the December 14, 2012 filing of the state court foreclosure action. Plaintiffs respond that the statute of limitations for this action began to run upon the December 28, 2012 date of service of the foreclosure action and the attached Notice, therefore, that Plaintiffs' FDCPA claim is not time-barred.[1]

An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of

---

1. December 30, 2013 was a Monday so this action would be within the one-year time-frame from December 28, 2012 as December 28, 2013 was a Saturday.

competent jurisdiction, within one year from the date on which the violation occurs.

15 U.S.C. § 1692k(d).

In support of its position that the date on which the violation occurs for purposes of 15 U.S.C. § 1692k(d) is the date of the filing of the state court foreclosure complaint[2], Defendant relies, in part, on *Zenon v. Palisades Collection, LLC,* 2008 WL 506231 (M.D.Fla. Feb. 21, 2008). In that case, the plaintiff claimed that the defendant violated the FDCPA by hiring a law firm and filing a lawsuit in order to collect a debt that the plaintiff had already paid. *Id.* at *1. The court held that: "The alleged misconduct of [the defendant] and the misrepresentation of Plaintiff's debt culminated in the filing of the lawsuit on May 3, 2006, by [defendant]. The one year limitation period began to run when the lawsuit was filed." *Id.* Defendant also relies on the Ninth Circuit opinion in *Naas v. Stolman,* 130 F.3d 892 (9th Cir.1997). In *Naas,* the plaintiffs alleged that defendants violated the FDCPA by filing a lawsuit to recover unpaid hospital bills. The Ninth Circuit held that the statute of limitations began to run when the lawsuit was filed because that was the defendants' last opportunity to comply with the FDCPA. *Id.* at 893. *See also Tyler v. DH Capital Management, Inc.,* 736 F.3d 455 (6th Cir. 2013) (in determining when a cause of action became bankruptcy property under 11 U.S.C. § 541, the court held that the FDCPA violation for prosecution of a legal action in an "attempt to collect" a debt occurred when the complaint was filed); *Collins v. Erin Capital Management, LLC,* 290 F.R.D. 689, 697–98 (S.D.Fla. 2013) (statute of limitations began to run

on date that the defendant initiated the garnishment proceeding, not on the earlier date when the defendant had filed its state court action and received a favorable judgment against the plaintiff); *Hinds v. Credigy Receivables, Inc.,* 2008 WL 5381345, *6 (M.D.Fla. Dec. 23, 2008) ("Because Plaintiff's Amended Complaint is based on the filing of the County Court Action, the date that action was commenced is the date the statute of limitations began to run."). Those cases are distinguishable from the instant action because here Plaintiffs are not claiming that the FDCPA violation was the actual filing of the foreclosure action. Plaintiffs take no issue in this case with the filing of the foreclosure action. Rather, Plaintiffs are claiming that Defendant made false statements or misrepresentations to them in a notice that was communicated to the Plaintiffs when the foreclosure and Notice was served upon them.

The Court also finds Defendant's reliance on *Maloy v. Phillips,* 64 F.3d 607 (11th Cir.1995) misplaced. In that case, the plaintiff claimed that the defendant violated 15 U.S.C. § 1692e(11) by failing to disclose in a letter that the defendant was attempting to collect a debt and that any information obtained would be used for that purpose. The question before the Eleventh Circuit was whether the FDCPA violation occurred on the date when the letter was mailed or on the date when the plaintiff received the letter. The Eleventh Circuit held that the day after the defendant mailed the letter is the date from which the one-year period of limitations began to run. *Id.* at 609. The Eleventh Circuit explained that it was persuaded by the reasoning of *Mattson v. U.S. West*

**2.** Defendant notes in its Motion that its position has been rejected by the Tenth Circuit, as well as by several district court opinions in the Southern District of Florida. *See Johnson v. Riddle,* 305 F.3d 1107 (10th Cir.2002); *Per-*

*ez v. Bureaus Inv. Group No.II, LLC,* 2009 WL 1973476 (S.D.Fla. July 08, 2009); *Andrade v. Erin Capital Management LLC,* 2010 WL 1961843 (S.D.Fla. May 17, 2010).

*Communications, Inc.*, 967 F.2d 259, 261 (8th Cir.1992). In *Mattson*, the Eighth Circuit reasoned that "the statute of limitations began to run on the date the letter was mailed because that was the debt collector's last opportunity to comply with the FDCPA. *Id.* In addition, the court concluded that using the date of mailing was a better and more practical approach because it provided a date that was easy to determine, ascertainable by both parties, and easily applied." *Maloy*, 64 F.3d at 608. Here, neither of those determinative considerations are in play. First, in this case, the date the complaint was filed was not Defendant's last opportunity to comply with the FDCPA. Unlike a letter, which cannot be retrieved once mailed, Defendant could have amended the notice attached to the foreclosure complaint *prior* to ever serving it and the Notice on Plaintiffs. Additionally, it is easily ascertainable by both parties to determine the date the Plaintiffs were served with the Notice, as it would be verified in the record for the state court action by an affidavit of service.

The Court finds more persuasive the reasoning of *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir.2002) (holding that statute of limitations of the FDCPA claim accrues once the debtor is served with the complaint), *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440 (5th Cir.2013) (holding that a violation of § 1692i(a)(2) occurs when the debtor receives notice of the filed lawsuit), *Perez v. Bureaus Inv. Group No. II, LLC*, 2009 WL 1973476 (S.D.Fla. July 08, 2009) (holding that ser-

vice, not filing, constitutes the violation and triggers the statute of limitations period), and *Andrade v. Erin Capital Management LLC*, 2010 WL 1961843 (S.D.Fla. May 17, 2010) (holding that the statute of limitations under the FDCPA does not begin to run until the plaintiff knew or should have known of the defendant's violation of the FDCPA).

"Because the FDCPA ... is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson*, 305 F.3d at 1117 (10th Cir.2002). Here, the remedial nature of the FDCPA is best served by calculating the one-year period from the December 28, 2012 date of service of the foreclosure action and the attached Notice.[3] The Court need not decide whether the FDCPA violation occurred on the date the Notice was served on Plaintiffs, *i.e.*, the date the allegedly false statements and/or misrepresentations were communicated to Plaintiffs, or if the violation occurred earlier but that the discovery rule delayed triggering the statute of limitations until the date of service of the Notice on Plaintiffs. Based on either reasoning, Plaintiffs' claim in this action is not time-barred.

## III. CONCLUSION

Based upon the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's Complaint [DE 6] is **DENIED;**

**3.** As the Tenth Circuit explained in *Johnson*, starting the one-year clock solely upon the filing of a complaint creates a perverse incentive for unscrupulous debt collectors to file debt-collection actions and purposefully delay service, thereby depriving a debtor of the benefit of the FDCPA's short, one-year limitations period. *See* 305 F.3d at 1114. *See also Andrade*, 2010 WL 1961843 at *1 ("From a practical and fairness-oriented standpoint,

this is the better view because the contrary view—that the statute of limitations runs from the filing of the debt-collection lawsuit that is the predicate of the violation of the Act, regardless of the debtor's knowledge of that lawsuit—would encourage unscrupulous debt collectors to hide their lawsuit from debtors and thereby shield themselves from liability under the Act.").

2. Defendant shall file its Answer on or before March 11, 2014.