Diane STARKEY, Plaintiff,

v.

**EXPERIAN INFORMATION SOLUTIONS, INC., et al., Defendants.**

Case No. SACV 13–59–JLS (RNBx).

United States District Court, C.D. California.

Signed Jan. 8, 2014.

Geoffrey H. Baskerville, John Soumilas, Francis and Mailman PC, Philadelphia,

PA, Stephanie R. Tatar, Tatar Law Firm APC, Burbank, CA, for Plaintiff.

David Richard Sugden, Delavan J. Dickson, Call and Jensen PC, Newport Beach, CA, for Defendants.

### ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 31)

JOSEPHINE L. STATON, District Judge.

Before the Court is a Motion for Summary Judgment ("Motion") filed by Defendant CoreLogic Credco, LLC ("CoreLogic"). (Doc. 31.) Plaintiff Diane Starkey filed an Opposition, and Defendant replied. (Opp'n, Doc. 39; Reply, Doc. 40.) The Court finds this matter appropriate for decision without oral argument. Fed. R.Civ.P. 78(b); C.D. Cal. R. 7–15. The hearing on the Motion, scheduled for January 10, 2014, at 2:30 p.m., is therefore VACATED. For the reasons stated below, the Court DENIES Defendant's Motion.

### I. BACKGROUND

On December 12, 2012, Plaintiff and her husband applied with Quicken Loans to refinance the mortgage on their house. (Pltf's SGI ¶ 15, Doc. 39–3.) As part of its due diligence, Quicken Loans requested that CoreLogic prepare a report on Plaintiff and her husband that included the information maintained on them by the three credit bureaus—Equifax, TransUnion, and Experian. (Id. ¶ 17.) CoreLogic prepared the report, which identified which credit bureau provided each item of information in the report, and also stated that the report "contains information supplied by the repositories [i.e. credit bureaus]." (Id. ¶ 18–19.) The report included certain information from Experian that the other credit bureaus did not provide, and that Plaintiff contends was inaccurate. (Id. ¶ 22.)[1]

On December 21, 2012, Quicken Loans denied Plaintiff's and her husband's refinancing request. (Id. ¶ 26.) On January 14, 2013, Plaintiff filed this action asserting claims against Experian Information Solutions, Inc. ("Experian") and CoreLogic for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681e(b). (Compl. at 4, Doc. 1.)

### II. LEGAL STANDARD

In deciding a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is proper "if the [moving party] shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed.R.Civ.P. 56.[2] A factual issue is "genuine" when there is sufficient evidence such that a reasonable trier of fact could resolve the issue in the non-movant's favor, and an issue is "material" when its resolution might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of fact. *Celotex Corp. v.*

---

**1.** Experian has denied that its information was inaccurate. (Id. ¶ 23.)

**2.** Rule 56 was amended in 2010. Subdivision (a), as amended, "carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word—genuine 'issue' becomes genuine 'dispute.' " Fed.R.Civ.P. 56, Notes of Advisory Committee on 2010 amendments.

*Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact ..., the court may ... consider the fact undisputed." Fed. R.Civ.P. 56(e)(2). Furthermore, "Rule 56[ (a) ] mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. 2548. Therefore, if the nonmovant does not make a sufficient showing to establish the elements of its claims, the Court must grant the motion. *See In re Oracle Corp. Secs. Litig.,* 627 F.3d 376, 387 (9th Cir.2010) ("non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor").

## III. DISCUSSION

Defendant moves for summary judgment as to Plaintiff's claim for violation of the FCRA on the basis that (1) its report was accurate, and (2) Plaintiff failed to provide CoreLogic with notice of her dispute before filing this action. (Def's Mem. at 8–15, Doc. 31.) Defendant also moves for summary judgment as to Plaintiff's prayer for statutory and punitive damages on the basis that Plaintiff cannot prove that Defendant "willfully" violated the FCRA. (Def's Mem. at 16.)

## A. Violation of the FCRA (15 U.S.C. § 1681e(b))

### 1. Section 1681e(b)

The FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). "In order to make out a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information. The FCRA does not impose strict liability, however—an agency can escape liability if it establishes that an inaccurate report was generated despite the agency's following reasonable procedures. The reasonableness of the procedures and whether the agency followed them will be jury questions in the overwhelming majority of cases." *Guimond v. Trans Union Credit Info. Co.,* 45 F.3d 1329, 1333 (9th Cir.1995) (citations omitted).

### 2. Inaccurate Report

A report is "inaccurate" if it contains information that is either "patently incorrect" or "materially misleading." *Gorman v. Wolpoff & Abramson, LLP,* 584 F.3d 1147, 1163 (9th Cir.2009) (quotation marks omitted).[3] "[A]t the very least, information that is inaccurate 'on its face,' is 'patently incorrect.'" *Drew v. Equifax Info. Servs., LLC,* 690 F.3d 1100, 1108 (9th Cir.2012).[4]

---

**3.** *Gorman* involved a claim under a different provision of the FCRA (15 U.S.C. § 1681s–2(b)). *Gorman,* 584 F.3d at 1163. The same standard, however, applies to § 1681e(b). *See Lewis v. Trans Union, LLC,* No. 1:13–CV–00229–LJO, 2013 WL 3456999, *3 (E.D.Cal. July 9, 2013) (relying on *Gorman* standard in deciding a claim under § 1681e(b)).

**4.** *Drew* concerned a claim under 15 U.S.C. § 1681s–2(b), not § 1681e(b). *Drew,* 690 F.3d at 1108. As discussed above, however, the standard for "accuracy" is the same under both provisions, and therefore the court's analysis in *Drew* applies to the facts here.

In *Drew*, the Ninth Circuit Court of Appeals reversed summary judgment on an FCRA claim, finding that "[a] jury may well find that reporting the fraudulently opened account as a lost or stolen account *belonging to* [the plaintiff] was untrue or facially inaccurate." *Id.* Similarly, here, Plaintiff has created a genuine dispute as to whether the CoreLogic report showed certain matters as belonging to Plaintiff when they did not, in fact, belong to her. Specifically, the CoreLogic report shows a Chapter 13 bankruptcy which Plaintiff testified she never filed, as well as a tax lien and certain credit cards Plaintiff testified were not hers. (Soumilas Decl. Ex. 5, Doc. 39–4; *id.* Ex. 4 ("Starkey Depo.") at 12:16–13:1, 17:2–24.) Plaintiff, therefore, has created a genuine dispute as to whether CoreLogic's report was "patently incorrect."

CoreLogic argues that its report was accurate because it "fully and accurately included all of the information Experian, Equifax, and TransUnion provided." (Def's Mem. at 12.) CoreLogic contends that it is a "reseller" under the FCRA, and that a reseller provides an "accurate" report simply by accurately reproducing the information furnished to it by other credit bureaus. (*Id.* at 8–15.) The Court is not persuaded.

The FCRA defines a "reseller" as "a consumer reporting agency that—(1) assembles and merges information contained in the database of another consumer reporting agency or multiple consumer re-porting agencies concerning any consumer for purposes of furnishing such information to any third party, to the extent of such activities; and (2) does not maintain a database of the assembled or merged information from which new consumer reports are produced." 15 U.S.C.A. § 1681a(u).[5] "While it is true that the FCRA sets forth different requirements for resellers of information (for example, § 1681i), nowhere does the FCRA set forth a different standard in § 1681e(b)." *Waterman v. Experian Info. Solutions, Inc.*, No. CV 12–01400 SJO (PLAx), 2013 WL 675764, *2 (C.D.Cal. Feb. 25, 2013). The FCRA, therefore, requires that this Court apply the same the definition of "inaccurate" to a report prepared by re-seller that it would apply to a report pre-pared by any other credit reporting agen-cy. As noted above, a credit reporting agency's report is "inaccurate" if it con-tains information that is "patently incor-rect." *Gorman*, 584 F.3d at 1163. No matter how many times "patently incor-rect" information is accurately reproduced, it remains incorrect, and therefore "inaccu-rate" under the FCRA.

*Carvalho v. Equifax Information Ser-vices, LLC*, 629 F.3d 876 (9th Cir.2010), which Defendant contends supports its position, is not to the contrary. In *Car-valho*, the plaintiff argued that a credit report contained inaccurate information regarding a medical debt. *Id.* at 882, 891. The plaintiff conceded that all the data on her credit report regarding the debt was correct on its face. *Id.* at 891. The court

---

5. Defendant contends that this definition "re-quires" resellers to reproduce information from other credit bureaus "exactly as is." (Def's Mem. at 11–13.) As a result, Defen-dant argues, "accuracy" under § 1681e(b), as applied resellers, must only mean accuracy of reproduction. (*Id.*) Even if Defendant's read-ing of the definition of a "reseller" is correct, however, § 1681e(b) specifies that "accuracy" means "accuracy *of the information concern-ing the individual* about whom the report relates." 15 U.S.C § 1681e(b) (emphasis add-ed). Defendant's interpretation might bear on what sorts of procedures are "reasonable" for a reseller under § 1681e(b), but that issue is not before the Court, as Defendant does not move for summary judgment on the basis that its procedures are reasonable as a matter of law.

thus concluded that "there was no *patent* error" in the report. *Id.* The plaintiff nevertheless argued that, even if technically accurate, the report contained a "*latent*" inaccuracy because she was not "legally obligated" to pay the medical debt because the medical clinic had not billed her insurer before seeking payment from her. *Id.* The court rejected the argument, explaining that credit reporting agencies are not tribunals required to adjudicate disputes regarding the "legal validity" of a debt. *Id.* at 892. Plaintiff, the court noted, did "not contend that the [debt] does not pertain to her, that the amount past due is too high or low, or that any of the listed dates are wrong." *Id.* at 891. Here, to the contrary, Plaintiff is not arguing that her report contains a latent inaccuracy, but has instead raised a genuine factual dispute as to whether her credit report included "*patent* error[s]" because certain items in the report did not even "pertain to her." *Id. See also Bradshaw v. BAC Home Loans Servicing, LP,* 816 F.Supp.2d 1066, 1071–72 (D.Or.2011) (denying summary judgment and finding *Carvalho* distinguishable where plaintiffs "allege[d] that they paid their mortgage on time, in contrast to the multiple listings of late payments, and that the reported monthly payment amount and amount past due are too high").

Accordingly, Plaintiff has raised a genuine dispute as to whether CoreLogic's credit report was "accurate."

### 3. Notice

■ Defendant contends that Plaintiff's FCRA claim must be dismissed because Plaintiff did not provide notice to CoreLogic of her dispute before filing this action. (Def's Mem. at 15–16.)

Certain duties under the FCRA, such as the duty to reinvestigate disputed information, are triggered only when a consumer provides notice. *See* 15 U.S.C. § 1681i. Section 1681e(b), however, contains no notice requirement. *See* 15 U.S.C. § 1681e(b). Defendant notes several cases which considered the absence of notice in dismissing a claim under § 1681e(b). (Def's Mem. at 15.) None of those decisions, however, held that notice was a *prima facie* requirement under § 1681e(b). In *Henson v. CSC Credit Services,* for example, the court held that the defendants had "followed 'reasonable procedures' by obtaining information from the Judgment Docket" because "a credit reporting agency is not liable under the FCRA for reporting inaccurate information obtained from a court's Judgment Docket, absent prior notice from the consumer that the information may be inaccurate." 29 F.3d 280, 285 (7th Cir.1994). The absence of notice was, in other words, relevant precisely because the defendants had shown that their procedures were otherwise reasonable as a matter of law. Similarly, the other decisions Defendant cites considered notice only in determining whether a credit reporting agency had followed reasonable procedures. *See, e.g., Sarver v. Experian Info. Solutions,* 390 F.3d 969, 973 (7th Cir.2004) (relying on *Henson* in holding that "there is nothing *in this record* to show that Experian's procedures are unreasonable" (emphasis added)); *Saenz v. Trans Union, LLC,* 621 F.Supp.2d 1074, 1080 (D.Or.2007) (considering timing of notice to credit reporting bureau in holding "*[o]n the record before the court*" that defendant's procedures were not unreasonable (emphasis added)).

Here, though, Defendant has explicitly declined to argue at the summary judgment stage that it employed reasonable procedures to assure the maximum possible accuracy of its report on Plaintiff. (*See* Reply at 11 n. 5 ("The reasonableness of [CoreLogic's] procedures is not relevant

at the summary judgment stage,....").) Because notice is not a *prima facie* requirement under § 1681e(b), and because Defendant has not made the reasonableness of its procedures an issue on summary judgment, the Court does not consider Plaintiff's failure to give notice to Defendant of her dispute prior to filing this action as a basis for granting summary judgment.

Accordingly, summary judgment is denied as to Plaintiff's claim for violation of § 1681e(b).

### B. Willful Violation of the FCRA

 Under § 1681n, where a defendant "willfully" violates the FCRA, a plaintiff may seek statutory and punitive damages. 15 U.S.C. 1681n(a)(1)(A). A willful violation includes both knowing violations and actions in "reckless disregard of a requirement" of the FCRA. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 56–58, 71, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007). An action is reckless if it entails "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* at 68, 127 S.Ct. 2201 (quotation marks omitted). As a result, "a company subject to [the] FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69, 127 S.Ct. 2201.

Defendant argues that it did not run a risk of violating the FCRA substantially greater than the risk associated with a merely careless reading of the FCRA. (Def's Mem. at 16.) As discussed above, however, "patently incorrect" is one of the well-established definitions for "inaccurate" under the FCRA, and is not a particularly ambiguous term. Drawing all in-

ferences in Plaintiff's favor, a jury could reasonably conclude that Defendant acted recklessly in reading "inaccurate" as not including "patently incorrect" information in a reseller's report. In any case, "[w]illfulness under the FCRA is generally a question of fact for the jury." *Edwards v. Toys "R" Us*, 527 F.Supp.2d 1197, 1210 (C.D.Cal.2007).

Summary judgment is therefore denied as to Plaintiff's prayer for punitive and statutory damages.

### IV. CONCLUSION

For the reasons discussed above, the Court DENIES Defendant's Motion.