**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHRISTOPHER PHILLIPS,

      Plaintiff-Appellant,

  v.

ARCHSTONE SIMI VALLEY LLC;
AVALONBAY COMMUNITIES, INC.;
KIMBALL, TIREY AND ST. JOHN LLP;
CHRIS EVANS; ASHLEY ROSSETTO;
FAIR COLLECTIONS AND
OUTSOURCING OF NEW ENGLAND,
INC.; EQUIFAX INFORMATION
SERVICES, LLC; TRANS UNION LLC;
DOES, 1-10, inclusive,

      Defendants-Appellees.

No.   17-55854

D.C. No.
2:15-cv-05559-DMG-PLA

MEMORANDUM[*]

CHRISTOPHER PHILLIPS,

      Plaintiff-Appellee,

  v.

KIMBALL, TIREY AND ST. JOHN LLP;
CHRIS EVANS; ASHLEY ROSSETTO,

No.   17-55950

D.C. No.
2:15-cv-05559-DMG-PLA

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants-Appellants,

and

ARCHSTONE SIMI VALLEY LLC;
AVALONBAY COMMUNITIES, INC.;
FAIR COLLECTIONS AND
OUTSOURCING OF NEW ENGLAND,
INC.; EQUIFAX INFORMATION
SERVICES, LLC; TRANS UNION LLC;
DOES, 1-10, inclusive,

Defendants.

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted October 10, 2018
Pasadena, California

Before:  SCHROEDER and NGUYEN, Circuit Judges, and WHELAN,** District

Judge.

This appeal arises from a long-running landlord tenant dispute.  While it

originally involved multiple defendants, only the landlords' attorneys — Kimball,

Tirey & St. John LLP, Chris Evans, and Ashley Rossetto — and Equifax

Information Services, LLC remain.  We affirm in favor of those defendants.

---

**        The Honorable Thomas J. Whelan, United States District Judge for
the Southern District of California, sitting by designation.

The attorneys, on behalf of their landlord client, brought two unlawful detainers against Christopher Phillips. Phillips contends that the attorneys are liable under the Fair Debt Collection Practices Act ("FDCPA") for bringing the second unlawful detainer action, prosecuting that action, and assisting in all stages of the attempted debt collection. The district court, in its well reasoned decision, concluded that any claims against the attorneys were barred by the statute of limitations because the limitations period began to run once Phillips' landlord filed the second unlawful detainer action. *See Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997). The district court also properly concluded that the continuing violation doctrine does not apply because the debt collection letters and phone calls were "insufficiently related to the filing of the second action."

The issue with regard to Equifax is whether it violated Sections 1681e and 1681i of the Fair Credit Reporting Act ("FCRA") when it listed a collection item on Phillips' credit report for the allegedly unpaid rent. Under these FCRA provisions, consumer reporting agencies are required to follow reasonable procedures in obtaining credit information, 15 U.S.C. § 1681e; notify the credit information furnisher within five business days if there is a dispute, 15 U.S.C. § 1681i(a)(2)(A); conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, and if so, delete the item within 30 days of

3

receiving the dispute, 15 U.S.C. § 1681i(a)(1)(A); and provide written notice of the reinvestigation results to the consumer within five days of its completion, 15 U.S.C. § 1681i(a)(6)(A).

The district court correctly ruled Equifax did not violate 15 U.S.C. § 1681e because Phillips' complaint was one that concerned the legal validity of the alleged debt and therefore did not constitute inaccurate information for the purposes of the FCRA. As the district court noted, "credit reporting agencies are not tribunals required to adjudicate disputes regarding the 'legal validity' of a debt." *See Starkey v. Experian Info. Sols. Inc.*, 32 F.Supp.3d 1105, 1110 (C.D. Cal. 2014) (citing *Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 891 (9th Cir. 2010)). Nor has Phillips provided any evidence to raise a triable issue of fact as to the unreasonableness of Equifax's procedures.

Phillips' 15 U.S.C. § 1681i claims also fail. While triable issues of fact exist as to the reasonableness of Equifax's reinvestigation procedures and whether Equifax sent Phillips the reinvestigation results in a timely fashion, the district court properly held that Equifax is entitled to summary judgment because there is no evidence that Phillips was damaged. *But see Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1109 (9th Cir. 2012) (holding that plaintiff "alleged sufficient cognizable damages to survive summary judgment [as to his FCRA claims]").

4

**AFFIRMED**.