**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DEBORAH A. LYONS,
          *Plaintiff-Appellant*,

v.

MICHAEL & ASSOCIATES;
ATTORNEY LINA,
          *Defendants-Appellees*.

No. 13-56657

D.C. No.
3:13-cv-0011-LAB-KSC

OPINION

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted December 10, 2015
Pasadena, California

Filed June 8, 2016

Before: Stephen Reinhardt, Carlos F. Lucero[*],
and Jacqueline H. Nguyen, Circuit Judges.

Opinion by Judge Nguyen

---

  [*] The Honorable Carlos F. Lucero, Circuit Judge for the U.S. Court of
Appeals for the Tenth Circuit, sitting by designation.

## SUMMARY[**]

### Fair Debt Collection Practices Act

The panel reversed the district court's dismissal as time-barred of a complaint under the Fair Debt Collection Practices Act.

The plaintiff alleged that the defendants were debt collectors who violated the FDCPA when they sued her in the wrong judicial district to collect a debt that had been transferred to them. The panel held that the discovery rule applies in an FDCPA action. Accordingly, the one-year statute of limitations began to run when the defendants served the plaintiff with process, rather than on the date the debt collection action was filed.

### COUNSEL

Richard J. Rubin (argued), Santa Fe, New Mexico; Robert L. Hyde and Joshua Swigart, Hyde & Swigart, San Diego, California, for Plaintiff-Appellant.

Lisa D. Dubowski (argued) and Christina L. Rymsza, Michael & Associates, PC, Thousand Oaks, California, for Defendants-Appellees.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

NGUYEN, Circuit Judge:

Deborah Lyons appeals the district court's dismissal of her case against Lina Michaels and Michael & Associates on the ground that it was time-barred. Lyons alleges that the defendants are debt collectors who violated the Fair Debt Collection Practices Act ("FDCPA") when they sued her in the wrong judicial district to collect a debt that had been transferred to them. The district court concluded that the FDCPA's one-year statute of limitations began to run on the date that the debt collection action was filed, and because Lyons failed to bring this case within one year of that date, her claim is time-barred. Relying on *Naas v. Stolman*, 130 F.3d 892 (1997), the district court rejected Lyons' argument that, under the discovery rule, her complaint was timely filed within one year of the date that the defendants served her with process, which is when she first learned of the collection action. Instead of *Naas*, the district court should have applied *Mangum v. Action Collection Service, Inc.*, 575 F.3d 935 (9th Cir. 2009). In that case, we held that the discovery rule applies in an FDCPA action. We therefore reverse and remand.

## BACKGROUND

On January 3, 2013, Lyons filed this lawsuit in the district court for the Southern District of California against Lina Michaels[1] and Michael & Associates (collectively, "Michael & Associates"). According to Lyons' complaint, Michael & Associates are debt collectors who violated the FDCPA when

---

[1] Named in the complaint as "Attorney Lina."

they filed a lawsuit against her on December 7, 2011, in Monterey County, California, to collect on a debt that she owed to American Express, which had been transferred to them. The FDCPA requires debt collectors who take legal action to collect a debt unrelated to an interest in real property to file in the judicial district where the consumer (1) "signed the contract sued upon," or (2) "resides at the commencement of the action." 15 U.S.C. § 1692i. Lyons alleges that Michael & Associates violated these provisions of the FDCPA because she did not enter into a contract with America Express in Monterey County and, during the relevant time period, she resided in San Diego County, California. In short, she claims that Michael & Associates sued her in the wrong county.

Michael & Associates moved to dismiss the complaint on the ground that it was not filed "within one year from the date on which the violation occurs" as the FDCPA requires—that is, within one year from December 7, 2011, the date they filed the debt collection action against her. 15 U.S.C. § 1692k(d). Lyons does not dispute that her action was filed more than one year after she was sued by Michael & Associates. She nevertheless argues that her complaint was timely because she did not know or have reason to know about the collection case against her until mid-January of 2012, when she was served with process. According to Lyons, the FDCPA statute of limitation is tolled by the discovery rule.

Citing *Naas v. Stolman*, the district court dismissed Lyons' case as time-barred. In *Naas*, a panel of this court suggested that an FDCPA "violation occurs" when the debt collection action is filed. 130 F.3d at 893. The district court recognized some tension between *Naas* and a subsequent case, *Mangum v. Action Collection Service, Inc.*—which

applied the "discovery rule" to an FDCPA action without mentioning *Naas*, 575 F.3d at 941—but ultimately decided that *Naas* controls the outcome of this case. This appeal followed.

## JURISDICTION & STANDARD OF REVIEW

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal of a complaint on the basis of a statute of limitations. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).

## DISCUSSION

A claim under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The question is which date controls.

### A.

We start our analysis with *Mangum*, which is almost directly on point. In that case, the plaintiff alleged that debt collection agencies violated the FDCPA by wrongfully disclosing her debt information to an outside party, and that her complaint was timely because she filed it within one year of the date that she learned of the disclosure. 575 F.3d at 937–39. The question that we had to decide was "whether commencement of the one year [statute of limitations] period was delayed by the discovery rule." *Id.* at 940. We recognized that

> [I]n general, the discovery rule applies to statutes of limitations in federal litigation, that is, "[f]ederal law determines when the

> limitations period begins to run, and the general federal rule is that 'a limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action.'"

*Id.* (second alteration in original) (quoting *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1266 (9th Cir. 1998)). We considered whether the statutory language and legislative history of the FDCPA, or the Supreme Court's then-recent guidance in *TRW Inc. v. Andrews*, 534 U.S. 19 (2001), in which the Court held that the discovery rule does not apply to the Fair Credit Reporting Act, compelled us to reach a different conclusion. *See Mangum*, 575 F.3d at 939–41. Concluding that they did not, we applied the discovery rule and held that Mangum's complaint was timely because the statute of limitations only began to run when she first knew (or should have known) that her information had been wrongfully disclosed. *Id.* at 941.

Following *Mangum*, we also applied the discovery rule where the alleged FDCPA violation involved debt collection letters. *See Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1118 n.5 (9th Cir. 2014) ("The district court appropriately concluded that 'the first time that [Tourgeman] reasonably could have become aware of the allegedly false and misleading representations in Defendants' letters was when his father was served with summons and complaint in the state court lawsuit in October 2007,' after which litigation discovery revealed the existence of the collection letters.").

Here, Lyons alleges that Michael & Associates violated the FDCPA by filing a collection lawsuit against her in Monterey County, a location where she neither lived nor

"signed the contract sued upon." *See* 15 U.S.C. § 1692i. The fact that the alleged violation was the wrongful filing of a debt collection action—rather than the wrongful disclosure of information to third parties as in *Mangum*, or a violation in debt collection letters as in *Tourgeman*—makes no difference to our analysis. We therefore hold that the discovery rule applies equally regardless of the nature of the FDCPA violation alleged by a plaintiff. In this case, Lyons argues that she first learned of the collection action when she received service of process, and that she had no reason to suspect that she had been sued in Monterey County, a venue that is considerably distant from her residence in the San Diego County. Michael & Associates do not contend otherwise, instead contesting only the date on which the statute of limitations was triggered. Applying the discovery rule to the undisputed facts, we find that Lyons' complaint was timely-filed.

We reject the suggestion by Michael & Associates to apply the discovery rule narrowly to only certain FDCPA claims, depending on the nature of the violation alleged by a plaintiff. Applying the discovery rule to some FDCPA claims but not others would be out of step with our general approach to the discovery rule, and would threaten to capriciously limit the broad, remedial scope of the FDCPA. *See Tourgeman*, 755 F.3d at 1118 ("In addition, '[b]ecause the FDCPA . . . is a remedial statute, it should be construed liberally in favor of the consumer.'") (quoting *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006)); *see also Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033–34 (9th Cir. 2010).

## B.

We next address *Naas v. Stolman*, a case relied on by the district court to conclude that the statute of limitations begins to run on the date the underlying debt collection action was filed. 130 F.3d at 893. *Naas*, however, does not dictate the result here. In that case, the question of whether the discovery rule applies to FDCPA cases was never presented to nor addressed by our court.

In *Naas*, the plaintiffs were sued in a state court debt collection action for unpaid hospital bills. After the debt collector successfully obtained judgment, the plaintiffs appealed to the Appellate Department of the California Superior Court, which eventually affirmed the judgment. Six months before the state Appellate Department ruled, however, the plaintiffs filed a federal lawsuit claiming FDCPA violations. At the time of filing, the parties had been litigating the debt collection action for more than two years. The district court dismissed the federal lawsuit as time-barred. On appeal, the plaintiffs argued that the complaint was timely because it was filed within one year of the date the state Appellate Department affirmed the judgment against them. *Id.* We disagreed, stating that the appellate court judgment date could not possibly be the "date on which the violation occurs" under the plain language of 15 U.S.C. § 1692k(d). If the plaintiffs were correct, "then their federal action would have been premature, as it was brought six months before that judgment." *Id.* ("The alleged violation of the Act was not a reviewing court judgment, but the bringing of the suit itself. . . . We hold that the statute of limitations began to run on the filing of the complaint in the Municipal Court.").

Notably, the *discovery* of the debt collection suit is entirely absent from our analysis in *Naas*: the plaintiffs did not argue for a later start date based on when they were served with process, and, perhaps for obvious reasons, there is no indication that the affirmance of the judgment was the first time the plaintiffs learned of the defendants' debt collection efforts. *See id.* at 892–93. Simply put, *Naas* answered a different question than the one posed by the parties here. That the court in *Naas* was not considering application of the discovery rule is further illustrated by the fact *Naas* relied in part on cases involving the mailing of debt collection letters, but as we recently held in *Tourgeman*, the discovery rule applies in such matters too. 755 F.3d at 1118 n.5.

Moreover, factual differences between this case and *Naas* also confirm that the discovery rule should apply here. *Naas*'s conclusion—that the limitations period is triggered by the filing of the collection action—is based in part on the assumption that the filing date is "easily ascertainable." 130 F.3d at 893. But that is less obvious where, as here, the collection lawsuit is alleged to have been filed in an improper venue far from where the plaintiff actually lived. Indeed, the discovery rule seems particularly apropos where the very nature of the deficiency alleged increases the likelihood that the filing date would *not* be "easily ascertainable" to the debtor absent some other form of notice, such as service of process.[2]

---

[2] We decline to adopt Michael & Associates' suggestion to apply *Mangum* where service on the collection lawsuit was improper, and apply *Naas* where it was proper. It is unclear why, if *Naas* is best read a true exception to *Mangum*'s general application of the discovery rule, *proper* service would be an appropriate boundary line. To concede that *improper*

*Naas* thus stands for the proposition that, under the FDCPA, the injury which forms the basis of the action is the filing of the underlying collection lawsuit. When confronted for the first time in *Mangum* with the question of whether the discovery rule should apply to that same statute of limitations provision, we answered in the affirmative. Of course, *Mangum* does not foreclose the possibility that the statute of limitations *could* begin on the filing date where the alleged FDCPA violation is a collection lawsuit (that is, "when the violation occurs"), but it allows plaintiffs to demonstrate that it does not.

While *Mangum* did not involve the filing of a collection lawsuit, we see no reason to limit our conclusion that the discovery rule applies to 15 U.S.C. § 1692k(d) to its particular facts. Such a holding would read *Naas* too broadly and *Mangum* too narrowly. We therefore conclude that the district court should have applied *Mangum*'s holding that the discovery rule applies to FDCPA claims.

## CONCLUSION

"[I]n general, the discovery rule applies to statutes of limitations in federal litigation . . . ." *Mangum*, 575 F.3d at 940. We follow *Mangum* in expressly applying that general rule to 15 U.S.C. § 1692k(d) where the alleged FDCPA violation is the filing of a collection lawsuit. Applying the

---

service dictates application of the discovery rule is to concede that the discovery date is relevant and that the filing date, on its own, may be insufficient.

discovery rule to the undisputed facts here, we find that Lyons' complaint was timely.  We therefore reverse and remand for proceedings consistent with this opinion.

**REVERSED AND REMANDED.**