NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTINE BAKER, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> MIDLAND FUNDING, LLC; et al., <br><br> Defendants-Appellees. | No. 15-17020 <br><br> D.C. No. 3:13-cv-08169-SPL <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted August 9, 2017**

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Christine Baker appeals pro se from the district court's summary judgment

and dismissal orders in her action alleging claims under the Fair Credit Reporting

Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA").  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Gorman v. Wolpoff &*

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Abramson, LLP*, 584 F.3d 1147 (9th Cir. 2009) (summary judgment); *Underwood Cotton Co. v. Hyundai Merch. Marine (Am.), Inc.*, 288 F.3d 405, 407 (9th Cir. 2002) (judgment on the pleadings based on statute of limitations). We affirm in part, reverse in part, vacate in part, and remand.

The district court properly granted summary judgment for Equifax Information Services LLC ("Equifax") on Baker's FCRA claims under 15 U.S.C. §§ 1681e and 1681i because Baker failed to raise a genuine dispute of material fact as to whether Equifax's procedures in assuring the accuracy of information reported to it were unreasonable. *See id.* § 1681i(a)(1) (setting forth reinvestigation requirements when a consumer disputes the accuracy of information in her file with a consumer reporting agency); *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) ("Liability under § 1681e(b) is predicated on the reasonableness of the credit reporting agency's procedures in obtaining credit information.").

The district court properly granted summary judgment for Equifax on Baker's FCRA claim that she was entitled to a free credit report under 15 U.S.C. § 1681j because Baker failed to raise a genuine dispute of material fact as to whether she "furnish[ed] proper identification." 15 U.S.C. § 1681h(a)(1) ("A consumer reporting agency shall require, as a condition of making the disclosures required under section 1681g of this title, that the consumer furnish proper

15-17020

identification."); *see id.* § 1681g (disclosures to consumers); *id.* § 1681j(a)(1)(A) (consumer reporting agencies shall make all disclosures pursuant to § 1681g annually as requested and without charge).

The district court properly granted summary judgment for defendants Midland Funding, LLC and Midland Credit Management, Inc. ("Midland defendants") on Baker's claims under 15 U.S.C. § 1681s-2 because Baker failed to raise a genuine dispute of material fact as to whether the high credit amount and current balance, as reported by Midland, were inaccurate. *See Gorman*, 584 F.3d at 1154 (setting forth responsibilities of furnishers of information to consumer reporting agencies).

However, the district court erred in granting summary judgment on Baker's claim under § 1681s-2 based on the reported date of first delinquency because Baker raised a genuine dispute of material fact as to whether the Midland defendants reported inaccurate information. *See id.* at 1154. Baker declared that the statements in her separate statement were true, and that she became delinquent on one of her accounts in June 2008. Baker has personal knowledge of when her account became delinquent. We reverse summary judgment for the Midland defendants on Baker's claim under § 1681s-2 based on the accuracy of the date of first delinquency, and remand for further proceedings.

The district court entered judgment for the Midland defendants and

defendants Bursey & Associates, P.C., Bursey, LeRoy, Derrick, and Scalese on Baker's FDCPA claims because it concluded that they were time-barred based on the date of filing of a state court collection action, and that defendants' litigation conduct in the state court collection action "did not constitute separate violations of the FDCPA that extend the statute of limitations beyond the filing date." However, the district court did not have the benefit of our recent decision in *Lyons v. Michael & Associates*, 824 F.3d 1169, 1173 (9th Cir. 2016), which held that the discovery rule applies to statutes of limitations where the alleged FDCPA violation is the filing of a collection lawsuit. Moreover, Baker's FDCPA claims based on defendants' litigation conduct in the state court collection action may constitute separate violations of the FDCPA. *See McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 950 (9th Cir. 2011) (FDCPA includes litigation activities). We vacate the judgment for further proceedings on Baker's FDCPA claims.

The district court did not abuse its discretion in denying Baker's motion to amend her complaint after the deadline set forth in the pretrial scheduling order because Baker failed to establish "good cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607, 609-10 (9th Cir. 1992) (setting forth standard of review and the "good cause" requirement to modify a scheduling order).

The district court did not abuse its discretion in denying Baker's motion for

a discovery extension because Baker failed to establish good cause, or that she was prejudiced by the denial. *See id.*; *see also Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) ("[B]road discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." (citation and internal quotation marks omitted)).

In sum, we reverse summary judgment for the Midland defendants on Baker's § 1681s-2 claim based on the accuracy of the date of first delinquency. We vacate the judgment on Baker's FDCPA claims against the Midland defendants and defendants Bursey & Associates, P.C., Bursey, LeRoy, Derrick, and Scalese.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, VACATED in part, and REMANDED.**