**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTHA A. MCNAIR, an individual, | No. 15-17383 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00869-DGC |
| v. | |
| MAXWELL & MORGAN PC, an Arizona professional corporation; CHARLES E. MAXWELL, husband; W. WILLIAM NIKOLAUS, husband; LISA MAXWELL, wife; LESLIE NIKOLAUS, wife, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted September 14, 2017
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  BYBEE[**] and FRIEDLAND, Circuit Judges, and ARTERTON,[***] District Judge.

Martha McNair appeals the district court's grant of summary judgment in her action under the Fair Debt Collection Practices Act ("FDCPA") and the district court's denial of McNair's motion for partial summary judgment. McNair alleged that Defendants, including the law firm Maxwell & Morgan P.C., violated the FDCPA in their efforts to collect unpaid homeowner association assessments and other charges that she allegedly owed their client, the Neely Commons Community Association. We reverse in part and remand, as set forth in the Opinion filed together with this Memorandum Disposition, and affirm in part, as explained below.

Under the FDCPA, a plaintiff must bring suit "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Noting that Plaintiff's complaint was filed on April 24, 2014, while all but two of the alleged FDCPA violations occurred prior to April 2013, the district court held that the pre-April 2013 claims were time-barred. Plaintiff urged the district court—and this Court—

---

[**]      Following the retirement of Judge Kozinski, Judge Bybee was randomly drawn to replace Judge Kozinski on the panel. Judge Bybee has read the briefs, reviewed the record, and watched a video recording of the oral argument held on September 14, 2017.

[***]      The Honorable Janet Bond Arterton, United States District Judge for the District of Connecticut, sitting by designation.

to hold that her pre-April 2013 claims were timely, either under the discovery rule, or under the continuing violation doctrine. The district court concluded that neither theory applied to Plaintiff's claims, and we affirm.

Plaintiff argues that she did not discover her injury until her home was foreclosed upon in January 2014, and that accordingly the discovery rule should apply. Where the alleged violation of the Act is the filing of a lawsuit, "the statute of limitations beg[ins] to run on the filing of the complaint . . . ." *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997). While "the discovery rule applies to FDCPA claims[,]" in order to benefit from the rule, a plaintiff whose injury is the filing of a lawsuit must show that she learned of the lawsuit only at some later date. *See Lyons v. Michael & Assocs.*, 824 F.3d 1169, 1173 (9th Cir. 2016) ("[T]he statute of limitations *could* begin on the filing date where the alleged FDCPA violation is a collection lawsuit" but under the discovery rule plaintiffs may "demonstrate that it does not.").

Here, all of the pre-April 2013 violations claimed by Plaintiff either preceded or occurred as part of a court action. Plaintiff does not allege—and the record does not reflect—that she only learned of the lawsuits on the date on which her house was foreclosed upon, so she is not entitled to application of the discovery rule as of the date of her January 2014 foreclosure.

Nor may Plaintiff avail herself of the continuing violation theory. Plaintiff

3

claims that Defendants subjected her to a continuing course of unfair collection practices surrounding one debt, her unpaid homeowner association assessments. As the district court correctly found, however, the alleged violations here constituted a series of related but discrete acts rather than a continuing course of conduct. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 118 (2002) (applying continuing violation doctrine where "the incidents constituting a hostile work environment are part of one unlawful employment practice"). And despite claiming a continuing course of conduct from November 2009 through November 2013, Plaintiff identifies no alleged violations whatsoever between December 2010 and April 2012 or between June 2012 and May 2013.

The district court also rejected both of Plaintiff's timely claims, that (1) in judicial proceedings in 2013 and 2014, Defendants allegedly misrepresented the amount of Plaintiff's debt and sought attorneys' fees to which they were not entitled; and (2) in May through September of 2013, Defendants did not respond to Plaintiff's requests for a statement of the amount she owed. In the accompanying Opinion, we reverse and remand on the first claim. With respect to the second claim, we here affirm the district court's grant of summary judgment.

"Whether conduct violates §§ 1692e or 1692f requires an objective analysis that takes into account whether 'the least sophisticated debtor would likely be misled by a communication.'" *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027,

1030 (9th Cir. 2010) (quoting *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007)). On the record presented here, even the "least sophisticated debtor" would not likely be misled by the communication—and lack of communication—at issue here, as Plaintiff cannot have reasonably believed that she had paid off the debt in question.

The district court's order granting Defendants' motion for summary judgment and denying McNair's motion for partial summary judgment is therefore **AFFIRMED IN PART**.

Each party shall bear their own costs.