**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL BONDI,

   Plaintiff-Appellant,

v.

NATIONSTAR MORTGAGE LLC;
BANK OF AMERICA, N.A.,

   Defendants-Appellees.

No. 17-15564

D.C. No.
2:14-cv-01215-LDG-GWF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Argued and Submitted October 10, 2018
San Francisco, California

Before: D.W. NELSON, W. FLETCHER, and BYBEE, Circuit Judges.

Plaintiff Michael Bondi appeals the district court's grant of summary

judgment in favor of Defendants Nationstar Mortgage LLC ("Nationstar") and

Bank of America, N.A. ("BANA") on Bondi's claims that Nationstar and BANA

violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the

---

   [*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's grant of summary judgment *de novo. Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009). Viewing the evidence in the light most favorable to the non-moving party, we must determine whether there are any genuine disputes of material fact and whether there is sufficient evidence favoring the non-moving party such that a jury could return a verdict in its favor. *Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180, 1184–85 (9th Cir. 2016). Evidence that is "merely colorable" will not overcome summary judgment, nor will evidence that is "based solely on speculation." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1136–37 (9th Cir. 2009) (citation and internal quotation marks omitted). "We will not reverse a district court's grant of summary judgment" if the non-moving party failed to "identif[y] the evidence establishing a genuine issue of material fact in its opposition to summary judgment." *Id.* at 1137.

1. The district court concluded that Bondi's FCRA claim against Nationstar failed because he did not offer any evidence showing that Nationstar received notice of a dispute from a consumer credit reporting agency ("CRA"). Under the FCRA, a furnisher's statutory obligations are triggered "only after the furnisher receives notice of a dispute from a CRA; notice of a dispute received

2

directly from the consumer" is insufficient. *Gorman*, 584 F.3d at 1154 (discussing 15 U.S.C. § 1681s-2(b)(1)); *see Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1106 (9th Cir. 2012).

On appeal, Bondi cites only his direct correspondence with Nationstar, arguing that he "made numerous phone calls and wrote numerous letters to Nationstar" protesting its credit reporting. But his direct correspondence with Nationstar is irrelevant; Bondi does not identify any notice of a dispute that Nationstar received *from a CRA*, and he certainly did not identify any such notice in the district court. *See, e.g.*, *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1058 (9th Cir. 2009) ("The 'party opposing summary judgment must direct the court's attention to specific, triable facts,' and the reviewing court is 'not required to comb through the record to find some reason to deny a motion for summary judgment.'" (citations and internal alterations omitted)).

Even assuming Nationstar had received notice of a dispute, Bondi does not articulate how Nationstar violated the FCRA. Upon receiving notice of a dispute from a CRA, a furnisher is required under the FCRA to conduct a reasonable investigation and correct any errors it finds. 15 U.S.C. § 1681s-2(b)(1); *Gorman*, 584 F.3d at 1156–57. Bondi has produced no evidence showing that Nationstar failed in this regard; instead, he points to Nationstar's refusal to believe his

3

assertion that his loan had been forgiven. Nothing in the FCRA obliged Nationstar to accept this assertion as true and resolve the dispute in his favor. *Cf. Gorman*, 584 F.3d at 1161 ("An investigation is not necessarily unreasonable because it results in a substantive conclusion unfavorable to the consumer, even if that conclusion turns out to be inaccurate.").

2.     The district court concluded that Bondi's FCRA claim against BANA was raised for the first time in his opposition to summary judgment and therefore amounted to "an untimely effort to amend his pleadings." Bondi does not address the district court's ruling on appeal. He has thus waived his challenge to it. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005); *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003). In any event, Bondi has not shown that BANA received notice of a dispute from a CRA within the FCRA's limitations period. *See Gorman*, 584 F.3d at 1154. Bondi's only evidence is a report sent by BANA *to* a CRA, which is not evidence that BANA received notice *from* a CRA as the statute requires.

3.     The district court concluded that Bondi's FDCPA claim against Nationstar is time-barred under the FDCPA's one-year statute of limitations, 15 U.S.C. § 1692k(d). We have held that the FDCPA's limitations period is subject to the "discovery rule" and thus does not begin to run until the plaintiff knows or

"'reasonably could have become aware of'" the "alleged violation." *Lyons v. Michael & Assocs.*, 824 F.3d 1169, 1171 (9th Cir. 2016) (quoting *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1118 n.5 (9th Cir. 2014)); *see Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 940–41 (9th Cir. 2009).

Bondi's only argument on appeal is that the limitations period in this case did not begin to run until he knew of the amount of "damages" that had accrued from the alleged violation. But the limitations period is triggered by the plaintiff's knowledge of the alleged violation, not damages. *See Lyons*, 824 F.3d at 1171 (looking to the plaintiff's knowledge of the allegedly "wrongful filing of a debt collection action"); *Tourgeman*, 755 F.3d at 1118 n.5 (looking to the plaintiff's knowledge "of the allegedly false and misleading representations" (citation omitted)); *Mangum*, 575 F.3d at 941 (looking to the plaintiff's knowledge "that her checks had been disclosed" in an allegedly improper manner). Bondi does not contest that he knew of the alleged violation when it occurred.

Bondi's theory fails in any event because he sought statutory damages under 15 U.S.C. § 1692k(a)(2)(A). Those damages accrued and were presumably known at the moment of Nationstar's alleged violation, irrespective of any additional damages that might have later accrued. *See TRW Inc. v. Andrews*, 534 U.S. 19, 35 (2001).

5

4.	The district court concluded that Bondi's FDCPA claim against BANA failed because BANA is not a "debt collector" subject to the FDCPA. Bondi does not object to this ruling on appeal and has thus waived any challenge to it. *See Ramirez v. City of Buena Park*, 560 F.3d 1012, 1025 (9th Cir. 2009).

\*   \*   \*

The judgment of the district court is **AFFIRMED**. Bondi's motion for fees and costs (Dkt. No. 30) is **DENIED**.