NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GARRETT J. DEETZ, | No.    20-15015 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00966-DJH |
| v. | |
| CHARLES L. RYAN, Former director of the Arizona department of corrections, individually; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted December 9, 2020**
San Francisco, California

Before:  BOGGS,*** M. SMITH, and BENNETT, Circuit Judges.

Garrett Deetz appeals the district court's order granting summary judgment to

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Defendants Corizon Health, Inc. and various officials within the Arizona Department of Corrections on Deetz's 42 U.S.C. § 1983 claim alleging violation of the Eighth Amendment. We affirm.

Because the parties are familiar with the facts, we do not recount them here, except where necessary to provide context. We review a grant of summary judgment *de novo*. *L.F. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 625 (9th Cir. 2020).

Deetz's claims arise out of his diagnosis with hepatitis C while incarcerated between 2008 and 2016. He claims that prison officials denied him accurate information about—and treatment for—his hepatitis infections, forming the basis of an Eighth Amendment deliberate-indifference claim. Deetz filed his complaint on February 12, 2019. Applying the continuing-violation doctrine, the district court held that Deetz's claim accrued on December 8, 2016, the date he was released from incarceration. The district court therefore dismissed the complaint as outside the two-year statute of limitations for claims under 42 U.S.C. § 1983.

As the district court recognized, the Ninth Circuit has not adopted the continuing-violation doctrine in the context of Eighth Amendment medical-care claims under § 1983, though other circuits and many district courts in our circuit have. *See Herrington v. Bristol*, No. 2:16-cv-00680-AC, 2019 WL 7598855, at *15 (D. Or. July 29, 2019) (collecting cases). But, as the district court further noted, the continuing violation doctrine would extend accrual of Deetz's claim only until his

release.

To extend the accrual of Deetz's claim beyond the date of his release, to the date on which he received medical advice on his conditions from a doctor outside the correctional facility, Deetz argues that he should also benefit from the discovery rule or the fraudulent-concealment doctrine. But Deetz's invocations of the discovery rule and the fraudulent-concealment doctrine fail because his complaint does not provide any facts sufficient to conclude that he could not have discovered the basis of his claim before February 2017 or that Defendants concealed this information from him. *See Lyons v. Michael & Associates*, 824 F.3d 1169, 1171 (9th Cir. 2016). Therefore, "even assuming that the continuing-violation doctrine applies, [Plaintiff] does not allege sufficient facts within the statute of limitation to satisfy this doctrine." *Chestra v. Davis*, 747 F. App'x 626, 627 (9th Cir. Jan. 10, 2019).

**AFFIRMED**