**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| TODDELLA D. BROWN, | No.   19-56132 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-02379-JGB-SHK |
| v. | |
| HOMESTREET BANK; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| JOHN DOE, 1, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted November 9, 2021[**]
San Francisco, California

Before:  OWENS, BADE, and LEE, Circuit Judges.

Toddella D. Brown appeals pro se the district court's dismissal of her

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

wrongful foreclosure action against HomeStreet Bank, Mortgage Electronic Registration Systems, Inc. ("MERS"), Government National Mortgage Association ("Ginnie Mae"), and Zieve, Brodnax, & Steele, LLP. We review de novo a district court's dismissal for lack of jurisdiction and failure to state a claim. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (applying de novo review to dismissal for lack of jurisdiction); *Perez v. Mortg. Elec. Reg. Sys., Inc.*, 959 F.3d 334, 337 (9th Cir. 2020) (applying de novo review to dismissal for failure to state a claim). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.　The district court properly exercised its discretion in refusing to deem certain matters admitted because Brown's requests for admissions were premature. *See* Fed. R. Civ. P. 26(d)(1), 36(a)(3); *see also Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (applying abuse of discretion standard of review).

2.　The district court properly dismissed Brown's claims against Ginnie Mae because it enjoys sovereign immunity from suit for injunctive and declaratory relief, and Brown failed to state a claim for any other relief against Ginnie Mae. *See* 12 U.S.C. § 1723a(a); *Cal. Sand & Gravel, Inc. v. United States*, 22 Cl. Ct. 19, 23–24 (1990) (explaining that only a party with a direct contractual relationship with the United States has standing to bring a breach claim under the Tucker Act).

3.　The district court retained subject matter jurisdiction after it dismissed Brown's federal claims. It did not abuse its discretion in exercising supplemental

2

jurisdiction over the remaining state law claims under 28 U.S.C. § 1367. *See*

*Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991).

4.     The district court properly dismissed Brown's claims under the Truth in Lending Act and the Real Estate Settlement Procedures Act as time-barred under 15 U.S.C. § 1640(e) and 12 U.S.C. § 2614. Brown was not entitled to equitable tolling because her allegations pertained to disclosures made at origination of the loan, and thus her later discovery of alleged defects in the assignment of the deed of trust is irrelevant to the timeliness of her claims. *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) ("The burden of alleging facts which would give rise to tolling falls upon the plaintiff."). The district court properly dismissed Brown's claim under the Fair Debt Collection Practices Act as untimely because Brown did not plead sufficient facts supporting application of the discovery rule. *See Lyons v. Michael & Assocs.*, 824 F.3d 1169, 1171 (9th Cir. 2016).

5.     Brown failed to state a claim for wrongful foreclosure under California law because her allegations pertained to whether the assignments of the deed of trust were voidable, rather than void, and she therefore lacked standing to challenge the assignments. *See Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845, 860–61 (Cal. 2016) (explaining that a borrower must allege a defect that renders the loan or assignment void, not merely voidable, to have standing to

challenge a party's authority to foreclose); *Mendoza v. JPMorgan Chase Bank, N.A.*, 212 Cal. Rptr. 3d 1, 14–15 (Cal. Ct. App. 2016) (holding a borrower lacks standing to challenge the validity of "robo-signatures," which would make an assignment voidable, not void); *Debrunner v. Deutsche Bank Nat'l Tr. Co.*, 138 Cal. Rptr. 3d 830, 835 (Cal. Ct. App. 2012) (explaining a party need "not possess the original promissory note" to foreclose).

6.     The district court properly exercised its discretion in dismissing claims based on Brown's failure to respond to the arguments in Defendants' motions to dismiss. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); C.D. Cal. R. 7-12.

7.     The district court properly dismissed Brown's claim under California's Rosenthal Fair Debt Collection Practices Act on the ground that Brown's allegations were conclusory and did not meet the federal pleading standard. *See Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (discussing federal pleading requirements).

8.     Brown failed to state a claim for conversion, quantum meruit, breach of fiduciary duty, or unfair competition. *See Foster v. Sexton*, 276 Cal. Rptr. 3d 172, 192 (Cal. Ct. App. 2021) (stating elements of conversion); *In re De Laurentiis Entm't Grp., Inc.*, 963 F.2d 1269, 1272 (9th Cir. 1992) (defining quantum meruit);

4

*IIG Wireless, Inc. v. Yi*, 231 Cal. Rptr. 3d 771, 787 (Cal. Ct. App. 2018) (stating elements of a breach of fiduciary duty claim).

9. The district court properly exercised its discretion in dismissing without leave to amend. *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 655–56 (9th Cir. 2017).

10. Brown's motions for certification, validation, and expedition are denied. (Dkts. 14, 52, 57.) Brown's motion for an extension of time to file a reply brief is granted. (Dkt. 56.) The Clerk shall file the reply brief submitted at Docket 54.

**AFFIRMED.**